| Estado Libre Asociado de Puerto Rico TRIBUNAL DE APELACIONES PANEL IX | | |
|---|---|---|
| PROFESSIONAL TRUCK PARTS, INC. Recurrente V. JUNTA DE SUBASTAS DEL MUNICIPIO AUTÓNOMO DE MAYAGÜEZ Recurrida GLOBAL MECHANICS SERVICES, INC. Licitador Agraciado | KLRA202500284 | Revisión procedente de la Junta de Subastas del Municipio Autónomo de Mayagüez Subasta Núm.: 2025-013 Sobre: Mantenimiento y Reparación de Flota Vehicular |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Marrero Guerrero, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de mayo de 2025.

Comparece Professional Truck Parts, Inc. (PTP o recurrente) en solicitud de que revisemos una *Notificación de Acuerdo o Determinación Final sobre la Subasta Número 2025-013 [del] Mantenimiento y Reparación de Flota Vehicular* emitida y notificada el 6 de mayo de 2025 por la Junta de Subastas del Municipio de Mayagüez (Junta de Subastas o recurrida).[1] Según el recurrente, la Junta de Subastas le adjudicó la *buena pro* de la referida subasta a Global Mechanics Services, Inc. (GMS), sin esta ser una licitadora susceptible de evaluación por ser descalificada en la apertura de los pliegos de la subasta objeto de este recurso.

Igualmente, PTP indicó que la Junta de Subastas notificó su determinación final sobre la adjudicación de la Subasta Núm. 2025-013, en contravención con el Artículo 1.050 del Código Municipal de Puerto Rico, Ley Núm. 1074-2020, según enmendada, 21 LPRA sec.

---

[1] Apéndice de *Recurso de Revisión Judicial,* Anejo I, págs. 1-7.

Número Identificador
SEN2025_____

7081, al no enviar el documento mediante correo certificado con acuse de recibo ni apercibir el término para recurrir en revisión judicial ante este Tribunal de Apelaciones.

No obstante, el 27 de mayo de 2025, el Municipio Autónomo de Mayagüez presentó una *Moción en Solicitud de Desestimación por Falta de Jurisdicción por Razón de Academicidad.* En esta, informó que, luego de evaluar el presente recurso, la Junta de Subastas dejó sin efecto la determinación recurrida y procederá a evaluar las ofertas nuevamente. Ante ello, planteó que este recurso se tornó académico, por lo que solicitó su desestimación.

Por los fundamentos que expondremos a continuación, se adelanta la desestimación de este recurso por academicidad.

## I.

### A. Jurisdicción

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A saber, ante la falta de jurisdicción, un tribunal carece de facultad para adjudicar la controversia. *Allied Mgmt. Group v. Oriental Bank*, *supra*, pág. 386. Por ello, un foro judicial tiene la responsabilidad indelegable de examinar, en primera instancia, el aspecto jurisdiccional de toda situación jurídica presentada ante sí. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Pues, un ente adjudicativo carece de discreción para asumir jurisdicción donde no la hay ni una parte puede conferírsela voluntariamente. *Íd.*

La falta de jurisdicción no puede ser subsanada y conlleva la nulidad del dictamen emitido. *Allied Mgmt. Group v. Oriental Bank*,

*supra*, pág. 386. En tal sentido, una sentencia emitida sin jurisdicción es nula en derecho y, consecuentemente, inexistente. *Íd.*

Cuando un tribunal carece de jurisdicción para intervenir en un asunto, procede así declararlo y desestimar inmediatamente el recurso, sin entrar en los méritos de la controversia. *Torres Alvarado v. Madera Atiles, supra*, pág. 501; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012). Ante ello, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, dispone que este Tribunal, a iniciativa propia o a petición de parte, puede desestimar un recurso por falta de jurisdicción.

La jurisdicción está regulada por la aplicación de diversas doctrinas que dan lugar al principio de la justiciabilidad como la academicidad. Por lo que, antes de evaluar los méritos de un caso, los tribunales debemos determinar si la controversia ante nuestra consideración es justiciable o no, ello debido a que solo podemos resolver controversias genuinas dentro de una situación adversativa en la cual las partes tengan un interés real de obtener un remedio. *Sánchez et al. v. Srio. de Justicia et al.*, 157 DPR 360 (2002); *Noriega v. Hernández Colón*, 135 DPR 406(1994).

En lo que nos concierne, un caso se torna académico cuando pierde su condición de controversia viva y presente con el paso del tiempo y de eventos posteriores. *Emp. Pur. Des., Inc. v. HIETEL*, 150 DPR 924 (2000). Así pues, el caso pierde su carácter adversativo, ya sea por cambios fácticos o judiciales acaecidos durante su trámite judicial, la sentencia sería una opinión consultiva. *Angueira v. JLBP*, 150 DPR 10 (2000). Una vez determinamos que un recurso es académico, por imperativo constitucional, ausencia de caso o controversia, o por motivo de autolimitación judicial, debemos abstenernos de considerarlo en sus méritos. *San Antonio Maritime v. PR Cement Co.*, 153 DPR 374 (2001).

**II.**

En el caso de marras, nos encontramos ante una controversia que no es justiciable, en vista de que perdió su carácter adversativo. Pues, tal como se relató previamente, tras analizar este recurso instado por la recurrente, la Junta de Subastas determinó dejar sin efecto la *Notificación de Acuerdo o Determinación Final sobre la Subasta Número 2025-013 [del] Mantenimiento y Reparación de Flota Vehicular* que se nos peticionó revisar.

Por consiguiente, este Tribunal de Apelaciones carece de jurisdicción para atender la reclamación del recurrente por la doctrina de academicidad. Así las cosas, procede desestimar el presente recurso, de conformidad con lo dispuesto en la Regla 83 del Reglamento de este Tribunal, *supra*, R. 83.

**III.**

Por las razones que anteceden, se desestima el recurso por tornarse académico.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones